IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ANDY PARRA,

    Plaintiff,

v.                                                                                 Civ. No. 06-0034 RLP/KBM

CITY OF DEMING, NEW MEXICO
POLICE DEPARTMENT,

    Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Defendant's Motion for Summary Judgment. This action was originally filed in state court and removed to federal court on January 12, 2006. Plaintiff alleges violations of Title VII of the Civil Rights Act of 1964 and the New Mexico Human Rights Act, and the Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

Plaintiff alleges that in 2003 he was a probationary police officer with the Deming Police Department when he became aware of an "affair" between his shift sergeant and a police radio dispatcher. Plaintiff advised the shift sergeant that he (Plaintiff) was aware of this relationship and that shortly thereafter, Plaintiff alleges, began receiving "frivolous and unsubstantiated reprimands," culminating in his termination at the end of his probationary period.

Summary judgment is proper only when "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The moving party must show the court "that there is an absence of

evidence to support the non-moving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 242, 249 (1986). The non-moving party must come forward with specific facts to show there is a genuine issue for trial. *Matsushita Elec. Ind. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citing Fed.R.Civ.P. 56(e)).

In order to succeed on a retaliation claim based on a violation of his First Amendment rights, Plaintiff must show (1) that his speech was constitutionally protected under the circumstances; and (2) because of that speech, Defendant retaliated against him. *Barkoo v. Melby*, 901 F.2d 613, 617 (10th Cir. 1990).

When an individual is an employee of a governmental agency, the extent to which the First Amendment protects him depends upon whether he is speaking out as a citizen addressing matters of public concern, or whether his speech is part of his job. In the former instance, he will receive First Amendment protection and in the latter instance he will not. *Garcetti v. Ceballos*, -- U.S.--, 126 S.Ct. 1951, 1957 (2006).

Because it is impossible to tell from the dearth of facts in Plaintiff's complaint and response to Defendant's Motion for Summary Judgment, the court will assume that Plaintiff was speaking out as a citizen and not part of his employment. The issue then is what is a matter of public concern? "If speech is not a matter of public concern, it is unnecessary to scrutinize the reasons for the alleged retaliation." *Saye v. St. Vrain Valley School Dist.*, 785 F.2d 862, 866 (10th Cir. 19860 (citing *Connick v. Myers*, 461 U.S. 138, 146 (1983)). "Public concern" encompasses evidence of misfeasance, malfeasance, corruption, or other improprieties on the part of public officials in the performance of their duties. *Conaway v. Smith*, 853 F.2d 789, 796 (10th Cir. 1988).

Plaintiff alleges in his complaint that he was hired on December 8, 2003 and that "during the early months of [his] one-year probationary period, [he] became aware of an alleged intimate relationship between his Shift Sergeant and a female police radio dispatcher. . . . [S]hortly after Plaintiff advised his Shift Sergeant that he was aware of the alleged relationship, Plaintiff began receiving frivolous and unsubstantiated reprimands, up to and including a negative performance evaluation on November 23, 2004." Complaint, ¶¶ 3-5. In his Response, he further alleges that he reported this relationship to (unnamed) supervisors.

In either event, it is what Plaintiff does *not* tender that defeats his claim. The party resisting the motion "may not rest upon the mere allegations or denials of his pleadings" to avoid summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Plaintiff has failed to go beyond the allegations in his pleadings to show the Court there is a genuine issue for trial. He does not submit affidavits or other documentary evidence to show that the "affair" is a matter of public concern, *i.e.*, that it took place during working hours; involved misuse of public monies or the like; or violated departmental policies. He submits no documentary evidence showing the nature of the performance reviews which he contends were frivolous. In short, he does nothing to assist the Court in determining what happened, when, and why.

As succinctly stated by the Seventh Circuit Court of Appeals, summary judgment "is the put up or shut up moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of events." *Johnson v. Cambridge Ind. Inc.*, 325 F.3d 892, 901 (7th Cir.) (internal quotation marks omitted), *cert. denied*, 540

U.S. 1004 (2003).

Because Plaintiff has failed to go beyond the mere allegations in his complaint to show the Court there is a genuine issue of disputed and material fact concerning the alleged retaliation in violation of Title VII or the New Mexico Human Rights Act, Defendant is entitled to summary judgment as a matter of law.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that Defendant's Motion for Summary Judgment [Doc. 12] is granted.

IT IS SO ORDERED.

Richard L. Puglisi
United States Magistrate Judge
(sitting by designation)